IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CT-3145-D

**Raymond Griffin**,
              Plaintiff,
   v.

**Deborah Shandles,** Assistant District Attorney, **et al.**,
              Defendants.

**Order &
Memorandum and Recommendation**

Plaintiff Raymond Griffin, a pretrial detainee at the Wake County Detention Center, filed this action pursuant to 42 U.S.C. § 1983 (D.E. 1), seeking compensatory and punitive damages, as well as injunctive relief for various violations of his constitutional rights. Compl. § VI Relief, D.E. 1 at 26. On June 30, 2015, Griffin filed a separate Motion for Preliminary Injunction (D.E. 6), accompanied by a supporting affidavit (D.E. 6-1). Also on June 30, 2015, Griffin filed a letter to the court alleging that he was being harassed by prison staff and asking to amend his complaint (D.E. 7). On August 12, 2015, Griffin filed a Notice of Motion and Declaration for Request for Entry of Default (D.E. 9). The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

**I.    Background**

On December 23, 2014, the Raleigh Police Department arrested Griffin because he allegedly resembled a suspected bank robber. As he awaits trial, he seeks to recover for a variety of constitutional violations related to his criminal case and his conditions of confinement. In his first claim, Griffin alleges that the defendants have violated his constitutional rights by conducting an illegal search, fabricating and altering evidence against him, unconstitutionally

interrogating him, committing perjury before the grand jury, and prosecuting him despite the fact that the eyewitness and physical evidence establishes his innocence. Compl. at 7–15. Next, he takes issue with the prosecutor allowing a detective to perjury himself before the grand jury, his former defense counsel's constitutionally adequate performance, his inability to obtain copies of discovery, and his inability to have a hearing in state court on various motions he has filed. Compl. at 15–23. In his third claim, Griffin alleges that has been slandered by the media who are propagating incorrect information that makes him appear guilty. Compl. at 23–24. Finally, he claims that the staff at the Wake County Detention Center are violating his rights by denying him "adequate access" to the facility's law library. Compl. at 25–26 (alleging that he "is provided with two and one half hours a week totaling two days to prepare for trial…").

## II.     Motion to Amend Complaint

Griffin has filed a letter with the court, dated June 30, 2015, complaining that he is being harassed by prison staff (D.E. 7). Griffin alleges the harassment began on June 27, 2015, *see id.* at 1, and alleges that he "is in fear of his life in the custody of [Wake Sheriff] Donnie Harrison." *Id.* at 4." Griffin seeks to amend his complaint to add this additional claim. *Id.* Rule 15 of the Federal Rules of Civil Procedure allows a party to amend his pleadings once as a matter of course within certain limits. Fed. R. Civ. P. 15 (a)(1)(A) and (B). The Rule also allows for other amendments, stating that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Furthermore, the Fourth Circuit has stated that courts should liberally construe the requirements of Rule 15 to "give[ ] effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Therefore, Griffin's motion to amend the complaint to include this claim is granted.

### III. Motion for Default Judgment

Griffin's request for entry of a default judgment (D.E. 9) is premature. Entry of default is only appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). A defendant is not required to respond to a complaint until after he or she is served with the summons and complaint. *See* Fed. R. Civ. P. 12. Because Defendants have not been served with the summons and complaint, no answer is yet due. Therefore, it is recommended that the district court deny Griffin's motion for entry of default.

### IV. Screening Pursuant to 28 U.S.C. § 1915A

The Prison Litigation Reform Act of 1996 ("PLRA") requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010); knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011) *aff'd*, 469 F. App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Griffin's status as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547 (1967).

A. **Claims Relating to Griffin's Criminal Case**

Griffin's first and second claims relate to the merits of the criminal actions currently pending against him in North Carolina's courts. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court explained that federal courts should not involve themselves in ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). In the absence of such circumstances, a court should decline to exercise jurisdiction over the case. *Younger*, 401 U.S. at 43–44. The decision of whether to abstain from resolving a particular dispute depends on whether the following elements are present: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings. *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994).

Here, all three factors are satisfied. Griffin's pleadings demonstrate that there are ongoing criminal proceedings against him in North Carolina's courts. Compl. *passim*. The Supreme Court has explained that the second factor is satisfied by "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, with respect to the third factor, the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a 'fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Given the nature of the claims Griffin raises, there is no reason he would not be able to address these issues through pretrial motions or during a trial on the merits. Therefore, the court should abstain from addressing the issues raised in his first and second claims and they should be dismissed without prejudice.

B.  **Claim Against the Media**

Next, Griffin seeks to hold unspecified members of the media liable for publishing stories which would make it impossible for him to receive an impartial trial. Presuming these allegations to be true, members of the media are not state actors and may not be held liable under Section 1983. *Wellman v. Williamson Daily News, Inc.*, 582 F. Supp. 1526, 1528 (S.D. W. Va. 1984). To the extent Griffin seeks to maintain a state law defamation claim against these defendants, it would be inappropriate to exercise pendent jurisdiction over such a claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Therefore, it is appropriate for the district court to dismiss these claims without prejudice.

C.  **Claims Related to Conditions of Confinement**

Griffin's final two claims relate to his conditions of confinement in the Wake County Detention Center. In his fourth claim, Griffin alleges that the Defendants are violating his rights by denying him adequate access to a law library in order to prepare his defense to the charges against him. Additionally, Griffin has amended his complaint to include a claim that prison staff are harassing him. After reviewing the pleadings, it is appropriate to dismiss these claims because Griffin has not exhausted the administrative remedies available to him.

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner until . . . such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life. . . ." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The requirement covers all available remedies, "not just those that meet federal standards." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). To properly satisfy this requirement, an inmate must go through all the steps

that an agency provides for the resolution of grievances so that the agency has an opportunity to address the merits of the inmate's claims. *See id.* at 90. Such exhaustion is mandatory, and unexhausted claims may not be litigated in federal court. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

With respect to his claims related to access to the law library and harassment by detention center staff, Griffin attempts to avoid the exhaustion requirement by claiming that filing a grievance would be futile. Compl. at 5; Mot. to Am. at 4. However, the Supreme Court has explained that there is no futility exception to this exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *Reynolds v. Doe*, 431 F. App'x 221, 222 (4th Cir. 2011) ("Exhaustion of administrative remedies is mandatory, even where the inmate claims that exhaustion would be futile."). Therefore, the district court should dismiss Griffin's conditions of confinement claims without prejudice to allow him to attempt to exhaust his administrative remedies regarding these claims.

## IV. Motion for Preliminary Injunction

The remaining item before the court is Griffin's Motion for a Preliminary Injunction (D.E. 6). In light of the fact that Griffin's claims are all being dismissed without prejudice, this motion should also be denied.

## V. Conclusion

Based upon the foregoing, Griffin's motion to amend his complaint (D.E. 7) is granted. Furthermore, it is recommended that the district court dismiss Griffin's claims without prejudice, deny his motion for a preliminary injunction (D.E. 6), and deny his motion for default judgment (D.E. 9).

The court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on Griffin. Griffin shall have until 14 days after service of the Memorandum

and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: January 12, 2016

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE