IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3145-D

| | |
|---|---|
| RAYMOND GRIFFIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEBORAH SHANDLES, Assistant )<br>District Attorney, et al., )<br>)<br>Defendants. ) | **ORDER** |

On January 12, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 13] recommending that the court dismiss Griffin's complaint filed under 42 U.S.C. § 1983 [D.E. 1], deny Griffin's motion for entry of default [D.E. 9], and deny Griffin's motion for a preliminary injunction [D.E. 6]. On January 25, 2016, Griffin filed objections to the M&R [D.E. 14]. As explained below, the court overrules Griffin's objections, adopts the conclusions in the M&R, denies Griffin's motions, and dismisses the action.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alterations, emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Griffin's objections. As for those portions of the M&R to which Griffin made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed Griffin's objections de novo. First, Griffin contends that Judge Numbers erred in concluding that his motion for default judgment is premature. See [D.E. 14-1] 4. Griffin fails to cite any authority or to advance any argument in support of the objection. See id. The objection is baseless and is overruled. See Fed. R. Civ. P. 12, 55(a)(i)(A).

Next, Griffin contends that Judge Numbers erred in concluding that this court should abstain from enjoining his ongoing state criminal case. See [D.E. 14-1] 7–10. The objection is baseless and is overruled. See Younger v. Harris, 401 U.S. 37, 43–44 (1971); see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165–66 (4th Cir. 2008); Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006); Gilliam v. Foster, 75 F.3d 881, 903–05 (4th Cir. 1996) (en banc); Gilbert v. N.C. State Bar, 660 F. Supp. 2d 636, 643–45 (E.D.N.C. 2009). Simply put, Griffin can and must raise his constitutional challenges to his ongoing criminal prosecution in state court.

Next, Griffin contends that Judge Numbers erred in concluding that the court should dismiss Griffin's claims against the media, who Griffin argues is making it impossible for him to receive an impartial trial. [D.E. 14] 7; see also Compl. [D.E. 1] 23–24. Members of the media are not state actors and may not be held liable under 42 U.S.C. § 1983. See, e.g., Wellman v. Williamson Daily News, Inc., 582 F. Supp. 1526, 1527–28 (S.D. W. Va. 1984). Thus, the objection is overruled.

Next, Griffin argues that Judge Numbers erred in concluding that Griffin failed to exhaust his remedies concerning his claim that the staff at the Wake County Detention Center are violating his rights by denying him adequate access to a law library and that jail staff are harassing him. See

2

[D.E. 14-1] 10–12. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Filing suit before exhausting administrative remedies dooms the action or unexhausted claim. See, e.g., Ford v. Johnson, 362 F.3d 395, 398–99 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

In Griffin's objections [D.E. 14, 14-1], he claims to have "fil[ed] paperwork to [Sheriff] Donnie Harrison regarding the law library," [D.E. 14] 8, and refers generally to other grievances to which he claims he received no response. See, e.g., id. at 9–10; [D.E. 14-1] 3 (claiming "grievances was [sic] filed but again never answered"); id. at 11 (claiming "administrative remedies were exhausted after the retaliation incidents with grievances to Sheriff Donnie Harrison June 2015 and September 2015 without response then appeal and grievances to no avail after the August 2015 incident"). In his complaint, however, Griffin specifically states that he did not "present the facts of each claim relating to [his] complaint to the inmate Grievance Commission or any other available administrative remedy procedure." Compl. 4. Griffin also states in his complaint that "[he] has not filed a grievance regarding the complaint because the grievance program is futile." Id. at 5; see Mot. to Am. [D.E. 7] 4.

3

The exhaustion requirement does not contain a futility exception. See, e.g., Booth, 532 U.S. at 741 n.6; Reynolds v. Doe, 431 F. App'x 221, 222 (4th Cir. 2011) (per curiam) (unpublished). Accordingly, the court dismisses these claims without prejudice to allow Griffin to exhaust his administrative remedies.

Finally, Griffin has failed to meet the standard necessary for a preliminary injunction. See, e.g., Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam). Thus, the motion is denied.

In sum, the court OVERRULES Griffin's objections [D.E. 14, 14-1] to the M&R, ADOPTS the conclusions in the M&R, DENIES the motion for a preliminary injunction [D.E. 6], DENIES the motion for entry of default [D.E. 9], and DISMISSES this action without prejudice.

SO ORDERED. This 22 day of February 2016.

JAMES C. DEVER III
Chief United States District Judge